# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. KIDERLEN,<br><br>           Plaintiff,<br><br>      v.<br><br>PAT KANE, et al.,<br><br>           Defendants. | CASE NO. 1:11-cv-01951-JLT PC<br><br>ORDER DENYING MOTION FOR CEASE AND DESIST ORDER<br><br>(Doc. 9) |

**I.      PROCEDURAL HISTORY**

Plaintiff Steven D. Kiderlen, ("Plaintiff") is a federal prisoner proceeding pro se and *in forma pauperis* with a civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which provides a remedy for violations of civil rights by federal actors.  Plaintiff filed his complaint on November 23, 2011.  (Doc. 1.)  He consented to Magistrate Judge jurisdiction on January 3, 2012.  (Doc. 7.)  No other parties have appeared in this action.  The Court has not yet screened Plaintiff's Complaint.

Pending before the Court, is Plaintiff's motion for a cease and desist order which the Court construes as a motion for a preliminary injunction.  (Doc. 9.)

**II.     MOTION FOR INJUNCTIVE RELIEF**

On January 3, 2012, Plaintiff filed a motion for a cease and desist order.  (Doc. 9.)  In it, Plaintiff seeks an order directing Defendants to cease retaliating against him.  In addition,

Plaintiff requests this Court order prison officials to stop interfering with his mail and require the United States Postal Office to require the Federal Bureau of Prisons to pay for the postage for all mail returned to him.  Finally, it appears as though Plaintiff is also requesting the Court to order each Defendant to obtain separate counsel in order to prevent a potential conflict of interest.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 376, 172 L.Ed.2d 249 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Lyons, 461 U.S. at 102.  Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

Here, Plaintiff clams that several of the Defendants have made statements to him that reflect that they will, at some point in the future, take adverse action against him for his filing the instant suit. (Doc. 9 at 1-4.)  Additionally, Plaintiff claims that Defendants have already caused delays in the processing and return of his administrative grievances, delays in receiving Christmas bags donated from an outside agency, and the denial of ice cream which it appears was provided to the general population on December 25, 2011.  (Id. at 4-5.)   Though Plaintiff's allegations imply that, absent Court intervention, he will suffer harm, he has failed to demonstrate the harm is irreparable or is sufficient to justify relief at this point in the litigation. Neither the delay in receiving donated gifts, failing to be provided ice cream or a delay in the

grievance procedures appear sufficient to support a finding of irreparable harm.[1]  In addition, Plaintiff has failed to address the remaining legal prerequisites for issuance of a preliminary injunction.  For example Plaintiff has not shown that he is likely to succeed on the merits, or that the balance of equities tips in his favor, or whether an injunction is in the public interest.

Moreover the pendency of this action does not give the Court jurisdiction over the United States Post Office, the Federal Bureau of Prisons, or any other unnamed prison official responsible for mail delivery at the U.S. Penitentiary at Atwater so that the Court cannot issue an order forbidding either these agencies from interfering with Plaintiff's mail.  Similarly, the Court does not possess jurisdiction to order the Federal Bureau of Prisons to pay postage on Plaintiff's returned mail.  See e.g., Summers v. Earth Island Institute, 555 U.S. 488, ___, 129 S.Ct. 1142, 1149 (2009) (the plaintiff bears the burden of establishing standing for each form of relief he seeks in federal court); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  Finally, at this point in the proceedings, Defendant's choice of attorney is certainly Defendant's choice to make and other than his unexplained claim of a "conflict of interest," Plaintiff provides no authority or justification in support of this request.

Based on the foregoing, the Court ORDERS that Plaintiff's motion for injunctive relief is DENIED.

IT IS SO ORDERED.

Dated:  **January 10, 2012**                               **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not minimize Plaintiff's disappointment and frustration caused by not receiving the ice cream or the delay in receiving the gifts and in having his grievances processed.  However, these reasons are simply not legally sufficient to justify the extraordinary relief sought.