IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KINDERLEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PAT KANE,<br><br>　　　　　Defendant. | Case No. 1:11-cv-01951-JLT  (PC)<br><br>**ORDER DISREGARDING DECLARATION**<br><br>(Doc. 20). |

　　　　On November 23, 2011, Plaintiff initiated this civil rights action against various individuals. (Doc. 1). Plaintiff has recently filed a "Declaration" in which he asks the Court to take judicial notice of federal case law and requests the Court include 17 pages of documents (consisting of certified mail receipts, a UCC Financing statement and the docket for this case) into the "record." The Court will therefore construe Plaintiff's "Declaration" as a request for judicial notice and a motion to append documents to his complaint. (See Doc. 22 at 1-2). For the reasons stated below, the Court denies Plaintiff's request for judicial notice and disregards Plaintiff's request to "augment" his Complaint with the documents Plaintiff attached. (Doc. 22 at 5-22).

///

### A. Request to Include Attached Documents into the Record

Plaintiff previously filed a similar request to add an "Addendum" to his civil rights complaint on January 18, 2012. (Doc. 12). On January 23, 2012, the Court issued an order disregarding the Addendum. (Doc. 13). The Court's order informed Plaintiff that he had the right to amend his complaint one time without leave of the Court pursuant to Fed. R. Civ. P. 15(a)(1); however, his amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. The Court gave Plaintiff 30 days in which to file an amended complaint, but he chose not to do so.

The same reasoning and analysis applies here. Thus, Plaintiff's request for the Court to include additional documents with his complaint is **DISREGARDED**. If Plaintiff still wishes to amend his complaint, the Court will allow Plaintiff an additional 14 days to do.

### B. Request for Judicial Notice

In order for a Court to determine the admissibility of evidence, it must know the reason the party is offering the matter into evidence and why the evidence matters to the case. (USCS Fed Rules Evid R 401 and 402). This means that a Court will not rule on the admissibility of evidence unless or until the evidence is submitted in conjunction with a motion to decide an issue in the case (or in opposition to such a motion), a motion in limine (or an opposition to such a motion) or during the actual trial. Plaintiff is advised that calling his current request a "motion," without more will not allow the Court to rule on the proposed evidence. Given that Plaintiff's request for judicial notice is not submitted in support of or in opposition to an actual motion to decide an issue in the case, Plaintiff's current request for judicial notice is **DENIED**. Plaintiff is further advised that the Court will not and cannot serve as a depository for his evidence. Thus, he SHALL not file evidence with the Court unless and until the course of litigation brings such evidence into question.

### ORDER

Accordingly, the Court orders the following:

1. Plaintiff's request for judicial notice is **DENIED** as premature.

2. Plaintiff's request to "augment" his Complaint with additional documents

2

is **DISREGARDED**.

3. Plaintiff is granted to leave to amend his complaint. If he chooses to do so, he SHALL file his amended complaint within 14 days of service of this order.

IT IS SO ORDERED.

Dated:  **April 27, 2012**                    **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE