UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. KIDERLEN,<br><br>  Plaintiff,<br><br>  v.<br><br>PAT KANE, et al.,<br><br>  Defendant. | Case No.: 1:11-cv-01951 - JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(Doc. 26) |

On December 28, 2012, the Court issued an order denying Plaintiff's motion for the return of his legal documents. (Doc. 25). On February 19, 2013, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 26)

The Court may relieve a party from an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only [under] extraordinary circumstances . . ." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). Accordingly, "reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted).

Here, Plaintiff argues the Court has jurisdiction over the individuals he alleges took his legal documents, and the Court should order the return of the documents to Plaintiff. (Doc. 26). However, as the Court explained previously, Plaintiff's complaint has not been screened and the Court does not have jurisdiction over either the defendants named in his complaint, or the individuals identified in his motion for the return of his documents. (Doc. 25 at 2). Jurisdiction cannot be obtained until the defendants are served.

Moreover, the fact that Plaintiff has alleged that certain defendants took his property does not mean that, ultimately, a trier of fact will so find. Thus, once the complaint is screened, the Court will not make a determination that the allegations are true but only whether a cognizable claim has been stated. Such a finding does not immediately propel Plaintiff's case to the point where he is entitled to a remedy.

Thus, for the reasons stated, Plaintiff has not identified a clear error by the Court or new evidence, as is his burden in seeking reconsideration. *See Marlyn Nutraceuticals*, 571 F.3d at 880.

Accordingly, **IT IS HEREBY ORDERED**: Plaintiff's motion for reconsideration (Doc. 26) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 21, 2013**          **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE