UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN D. KIDERLEN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAT KANE, et. al,<br><br>　　　　Defendants. | ) Case No.: 1:11-cv-01951 – JLT<br>)<br>) ORDER DIMISSING THE COMPLAINT WITH<br>) LEAVE TO AMEND<br>)<br>) (Doc. 1)<br>)<br>)<br>)<br>) |

Plaintiff Steven D. Kiderlen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens action"). Plaintiff has consented to proceed before the Magistrate Judge. (Doc. 7). Pending before the Court is Plaintiff's complaint filed on November 23, 2011. (Doc. 1).[1] The Court now screens the complaint and for the reasons set forth below, **DISMISSES** the complaint **without prejudice** and Plaintiff is **GRANTED leave to amend** Claims 11, 13, 14, 15, 16, 18, 19 and the "Supplemental Civil Rights Complaint" **ONLY.**

*///*

---

[1] On January 18, 2012, Plaintiff submitted an addendum to his complaint, but the addendum did not restate his original claims. (Doc. 12). Through Order, dated January 23, 2013, the Court disregarded the addendum and granted Plaintiff leave to amend his complaint. (Doc. 13). On April 30, 2013, the Court again provided Plaintiff leave to amend his complaint. (Doc. 21). Plaintiff did not amend his original complaint (Doc. 1) on either occasion. Therefore, the Court only considers the original complaint (Doc. 1) in this screening order.

1

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case in which the plaintiff proceeds in forma pauperis if the court determines that the case "fails to state a claim on which relief may be granted" or is "frivolous." A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

## II. PLEADING STANDARDS

### A. Fed. R. Civ. P. 8(a)

The Federal Rules of Civil Procedure set forth the general rules for pleading complaints. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and pro se pleadings are held to "less stringent standards" than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. Jones v. Cmty Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

///

///

///

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

Iqbal, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. Id. The Court may grant leave to amend a complaint to the extent that deficiencies of the complaint can be cured by an amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### B. Bivens Actions

To state a claim under Bivens, a plaintiff must indicate: 1) that a constitutional right was violated and 2) that a federal actor caused the violation. Boney v. Valline, 597 F. Supp. 2d 1167, 1172 (D. Nev. 2009)(*citing* Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991)). The causation requirement of 42 U.S.C. § 1983 and a Bivens action [2] is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)).

### III. PLAINTIFF'S COMPLAINT

Plaintiff brings his 77-page Bivens action against 59 defendants, all of whom allegedly acted under color of federal law. (Doc. 1 at 2-3, 12). Plaintiff is a white male. Id. at 38. He is incarcerated for a crime involving children and indicates that he will encounter danger if he is placed in the general prison population. Id.

On February 19, 2012, Plaintiff felt threatened by other inmates while incarcerated United States Penitentiary – Coleman I ("Coleman I") located in the State of Florida when another inmate

---

[2] As a Bivens action is the federal counterpart of an action brought against state officials under 42 U.S.C. § 1983, the courts use § 1983 and Bivens action precedent interchangeably. Iqbal, 129 S.Ct. at 1948; *see also* Van Strum, 940 F.2d at 409-410.

read Plaintiff's charges aloud. Id at 13-16.  Prison officials at Coleman I did not place Plaintiff into protective custody. Id. at 13-15.

On a subsequent date,[3] Plaintiff was transferred to United States Penitentiary – Terre Haute ("Terre Haute") in the State of Indiana. (Doc. 1 at 17).  On September 23, 2010, Plaintiff requested that he be placed in protective custody. Id.  On October 7, 2013, another inmate assaulted Plaintiff. Id. at 17-18.  In November of 2010, Plaintiff was placed in a cell that contained moisture and mold. Id. at 21.  Furthermore, prison officials smoked in Plaintiff's presence at Terre Haute. Id. at 23.  Finally, Plaintiff alleges that other inmates were deliberately placed in his presence to intimidate him. Id. at 26-28.

From January 4-5, 2010, May 12-19, 2010, September 8-22, 2010, August 15-18, 2011, and October 23, 2011, Plaintiff was held at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma. (Doc. 1 at 44-45).  Plaintiff is a United States citizen. Id. at 45.  Plaintiff believes that he was discriminated against at FTC because prison officials censored his mail on account of his citizenship status. Id.

On an undisclosed date, Plaintiff was transferred to United States Penitentiary – Atwater ("Atwater") located in the State of California. *See* Id. at 28.  Plaintiff provides the Court with a laundry list of grievances that occurred at Atwater in his complaint. Id. at 28-44 and 46-48.  In essence, Plaintiff avers that prison officials solicited Plaintiff's cellmate to kill him, that he was denied postage stamps, that legal documents were taken from him, that he was denied prescription medication, and that the lights at Atwater caused him migraine headaches. Id.  Additionally, Plaintiff indicates that he exhausted all remedies because he never received a response to his administrative complaints,[4] that his medications expired, and that he was given a rotten pear. Id. at 66-71.

///

///

///

---

[3] No date is indicated as to when Plaintiff was transferred from Coleman I to Terre Haute.

[4] Plaintiff is admonished that he cannot bypass his administrative remedies merely because responses are not received in a time period he deems "sufficient."

### III. DISCUSSION.

#### A. Plaintiff cannot maintain a <u>Bivens</u> action against any defendant in his or her official capacity.

A plaintiff may not sustain a <u>Bivens</u> action against any defendant in his or her official capacity. <u>Mayer v. Redix</u>, 2012 WL 360202 * 11 (E.D. Cal. 2012). The Eleventh Amendment provides immunity to the federal government in any type of lawsuit "... in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. Therefore, a plaintiff may only maintain an action against a defendant in their official capacity where the United States waives sovereign immunity. <u>Nurse v. United States</u>, 226 F.3d 996, 1004 (9th Cir. 2000).

Here, Plaintiff has sued 33 defendants in their official and individual capacities. (Doc. 1 at 2-3). Nothing in the record indicates that the United States has waived sovereign immunity. Therefore, to the extent that Plaintiff asserts a cause of action against any defendant in his or her official capacity, the Court **DISMISSES** Plaintiff's complaint **with leave to amend.**

#### B. Plaintiff cannot maintain a <u>Bivens</u> action against any defendant on the theory of respondeat superior.

The United States Supreme Court has unequivocally held that federal officials cannot be held vicariously liable "for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" <u>Iqbal</u>, 129 S. Ct. at 1948. In order to maintain a <u>Bivens</u> action against a supervising federal official, a Plaintiff must allege that the supervising federal official violated the Plaintiff's constitutional rights through his or her own individual action. <u>Id</u>. Generally, a plaintiff fails to state a claim where he alleges liability against a federal supervising official solely on the theory of *respondeat superior*. *See,* <u>Iqbal,</u> 129 S.Ct. at 1954.

Here, Plaintiff asserts claims against numerous defendants on the theory of *respondeat superior*. For example, and by no means as a limitation[5], Plaintiff asserts a claim against Defendant

---

[5] The Court notes that because Plaintiff names 59 defendants to this matter, the Court need not name each individual that Plaintiff has joined on the theory of *respondeat superior.* Plaintiff is <u>strongly advised</u> that his First Amended Complaint **SHALL** comply with the language of this Order.

5

1  Pat Kane, who is the director the U.S. Department of Justice Federal Bureau of Prisons' Central Office
2  in Washington, D.C. (Doc. 1 at 5).  Plaintiff alleges that Defendant Kane is responsible for actions
3  which occurred at Atwater, but never indicates that Defendant Kane individually engaged in any
4  actions against Defendant. *See generally*, (Doc. 1).  Therefore, to the extent that Plaintiff asserts a
5  cause of action against any defendant on the theory of *respondeat superior*, the Court **DISMISSES**
6  Plaintiff's complaint **with leave to amend.**

### C.  Claims 1 through 10 and Claim 17 are dismissed for improper venue.

Venue in a <u>Bivens</u> action is governed by the general federal venue statute 28 U.S.C.A. § 1931(b).  For venue to be proper pursuant to 28 U.S.C.A. § 1931(b), a plaintiff must bring an action in a federal judicial district where: 1) any defendant resides if all defendants reside in the same state as the judicial district, or 2) where a substantial portion of the events that led to the cause of action occurred.  An individual "resides" in the judicial district where he is domiciled. 28 U.S.C.A. § 1391(c).

Here, Plaintiff does not allege any facts in Claims 1 through 10 and Claim 17 that would permit the Court to find venue proper on in this judicial district.  Claims 1 and 2 of the Complaint arose when Plaintiff was incarcerated at Coleman I. (Doc. 1 at 13-16).  Similarly, Plaintiff brings Claims 3 through 10 against certain defendants for actions which allegedly occurred while Plaintiff resided at Terre Haute. <u>Id</u>. at 16 – 28.  Plaintiff bases Claim 17 on the actions of 17 defendants that arose while he was located at the FTC. <u>Id</u>. at 44-45.  The Court takes judicial notice that Coleman I is located in the State of Florida, Terre Haute is located in the State of Indiana, and the FTC is located in the State of Oklahoma.

Finally, nowhere in Claims 1 through 10 and Claim 17 does Plaintiff allege that any of the named defendants reside in or engaged in tortuous actions against Plaintiff in this Court's judicial district. Therefore, Claims 1 through 10 and Claim 17 is **DISMISSED WITHOUT PREJUDICE** for improper venue.  As a dismissal for improper venue does not reach the merits of Plaintiff's claims (<u>In</u>

re Hall, Bayoutree Associates, Ltd., 939 F.2d 802, 804 (9th Cir. 1991), Plaintiff is may re-file Claims 1 through 10 and Claim 17 in the **federal district courts in which venue is proper**.[6]

### D. Eighth Amendment.

#### 1. Claims 11 and 19 must be dismissed for failure to state a cognizable claim of cruel and unusual punishment.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (*citing* Farmer v. Brennan, 511 U.S. 825, 832 (1994)).  Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted).

To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component.  *See* Wilson v. Seiter, 501 U.S. 294, 298 (1991).  First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to a denial of "the minimal civilized measures of life's necessities."  Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)).  In determining whether a deprivation is sufficiently serious within the meaning of the Eighth Amendment, "the circumstances, nature, and duration" of the deprivation must be considered.  Johnson, 217 F.3d at 731.  "The more basic the need, the shorter the time it can be withheld."  Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir. 1982).

Second, a prisoner must also demonstrate that prison officials acted with a sufficiently culpable state of mind, that of "deliberate indifference."  Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733.  A prison official acts with deliberate indifference if he knows of and disregards an excessive risk to the prisoner's health and safety.  Farmer, 511 U.S. at 837.  In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists [to the inmate], and [the prison official] must also draw the inference."  Id.

///

///

---

[6] The Court advises that he cannot re-file Claims 1 through 10 and Claim 17 in the U.S. District Court, Eastern District of California.

i. Claim 11

In regard to Claim 11, Plaintiff alleges that Defendants Johnson and Roupe petitioned inmate Smith to assault and/or attempt to kill Plaintiff. (Doc. 1 at 28). Plaintiff avers that he knows of Defendants' solicitation because Smith informed him of this plot. Id. at 29. While, if true, such allegations would show a culpable state of mind on the part of these Defendants, Plaintiff does not indicate that he actually experienced any deprivation under the guise of federal law that would arise to a constitutional violation. Indeed, Plaintiff admits Smith refused to carry out the plan. Despite this, Plaintiff the act of soliciting Smith for this attack has placed him in great danger is without factual support. Therefore, the Court **DISMISSES** Claim 11 of Plaintiff's Complaint with leave to amend.

ii. Claim 19

In regard to Claim 19, Plaintiff complains he was housed in cells where the light switches have been removed and the lights are left on for more than sixteen hours a day. (Doc. 1 at 48). Plaintiff avers that there is no need to keep the lights on for this length of time and the lights are so bright that they cause him migraine headaches and there was no justification for keeping the lights on. Id. at 48-49. However, Plaintiff does not indicate whether any of the six defendants named in Claim 17 were aware of Plaintiff's migraine headaches. He does not indicate how keeping the lights on was done with deliberate indifference towards Plaintiff's health.

> "Adequate lighting is one of the fundamental attributes of 'adequate shelter' required by the Eighth Amendment." Hoptowit v. Spellman, 753 F.2d at 783. Moreover, "[t]here is no legitimate penological justification for requiring [inmates] to suffer physical and psychological harm by living in constant illumination. This practice is unconstitutional." LeMaire v. Maass, 745 F.Supp. 623, 636 (D.Or.1990), vacated on other grounds, 12 F.3d 1444, 1458-59 (9th Cir.1993).

Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996) opinion amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998). However, only "extreme deprivations" are sufficient to state a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Though leaving cell lights on 24 hours a day has been held sufficient to state a claim, leaving the lights on during non-sleeping hours has not. Though Plaintiff believes that internal security would not be hampered by not having the lights on, his opinion on this topic is not persuasive. Moreover, despite Plaintiff's complaints, he admits that security officers will turn off the cell lights earlier in the day, if the inmate requests. (Doc.

1 at 49.  Therefore, the Court **DISMISSES** Claim 19 with leave to amend.

### 2. Claim 14 must be dismissed for failure to state a cognizable claim of failure to protect.

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).  To establish a violation of this duty, a prisoner must demonstrate that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834.  This requires the prisoner to satisfy both an objective and a subjective component.  First, the prisoner must demonstrate that the alleged deprivation was, in objective terms, "sufficiently serious." Id. at 834 (quoting Wilson v. Seitner, 501 U.S. 294, 298 (1991)).  Second, the prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind.  Prison officials must have known of and disregarded an excessive risk to the prisoner's safety.  Id. at 837.

In Claim 14, Plaintiff alleges that it was "common knowledge…that any white race inmate…with a conviction against children, will be assaulted, if not killed, if the inmate goes to the general population" in any prison except "USP-Tucson, Arizona." (Doc. 1 at 38).

Notably, Plaintiff does not indicate that he was actually sent into the general population in this Claim. Id. at 38-39.  Moreover, throughout the complaint, Plaintiff alleges he *was* placed in the SHU on many occasions.  He fails to allege facts to identify when he was placed in the general population and when he suffered injury as a result or when he informed prison officials that he was at risk of attack and they failed to respond.

Plaintiff's generalized fear is speculative.  As Plaintiff demonstrates no actual deprivation, he fails to plead the objective component of his Eighth Amendment claim.  Thus, the Court **DISMISSES** Claim 14 of Plaintiff's Complaint with leave to amend.

### 3. Claim 16 must be dismissed for failure to state a claim of inadequate medical care.

The United States Supreme Court permits Bivens actions under the Eighth Amendment for damages incurred as a result of inadequate medical care. Minneci v. Pollard, 132 S. Ct. 617, 622 (2012) (*citing* Carlson v. Green, 446 U.S. 14 (1980)).  To establish a violation of the Eighth

9

Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. *See* Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096.

Here, Plaintiff indicates that seventeen Defendants deprived him of certain medications for a period of thirteen days. (Doc. 1 at 43-44).  Notably, however, Plaintiff does not indicate how each of these defendants were deliberately indifferent to Plaintiff's medical needs.  While deliberate indifference may occur where a plaintiff is denied medical treatment (Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)), Plaintiff has failed to indicate that he suffered from a serious medical condition.  Similarly, Plaintiff does not state what injury – if any – he sustained due to the withholding of his medications.  Therefore, Claim 16 of Plaintiff's Complaint is **DISMISSED** with leave to amend.

### E. First Amendment

#### 1. Claims 12, 13 and 15, should be dismissed for failure to allege an actual injury.

Under the First Amendment, prisoners have a right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996).  The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354.  Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002).  In either scenario, a plaintiff must allege actual injury. See Lewis, 518 U.S. at 351-53.  "Actual injury" exists where a Plaintiff establishes that actual prejudice was sustained with regard to pending or existing litigation. Lewis, 518 U.S. at 348.

### i. Claim 12

While the right to access the courts includes the limited right for indigent inmates to be provided sufficient postage to mail their legal documents (Semeneck v. Ahlin, Case No. 1:09-CV-00566 JLT , 2010 WL 4738065 * 6 (E.D. Cal. 2010)), Plaintiff fails to show that he suffered any injury. In Claim 12, Plaintiff provides the Court with a lengthy explanation of his quest to obtain postage stamps. (Doc. 1 at 30-33). Plaintiff concludes Claim 12 by stating that Defendant Gardia "made it around to see and provide Plaintiff with 8 – 37 ¢ yard stamps." Id. at 33. Plaintiff indicates in his own words that Claim 12 has been resolved and fails to allege any facts that his access to the Court was denied due to the delay in receiving the stamps. Thus, the Court **DISMISSES** Claim 12 with leave to amend.

### ii. Claim 13

Like Claim 12, Plaintiff alleges in Claim 13 that he was denied access to the courts in violation of the First Amendment because he was denied requested postage stamps. (Doc. 1 at 34-37). He further indicates that denying him stamps is contrary to the policy of the U.S. Department of Justice Bureau of Prison. Id. at 31. However, Plaintiff does not indicate that he sustained any actual injury by way of prejudice for any pending or actual litigation that would arise to a constitutional violation. *See generally*, Id. Therefore, the Court **DISMISSES** Claim 13 with leave to amend.

### iii. Claim 15

In Count 15, Plaintiff avers that twelve defendants are responsible for confiscating three inches of his legal documents pertaining to UCC filings and property liens in violation of the Fourth Amendment. (Doc. 1 at 38-41). However, the Court notes that the seizure of *legal* documents implicates Plaintiff's right of access to the courts under the First Amendment. As in Claim 12 and 13, Plaintiff has not stated any actual injury with regard to his access to the courts. Therefore, the Court **DISMISSES** with leave to amend.

**2. Claim 18 should be dismissed because Plaintiff has no constitutional right to have his grievance procedure handled in a particular manner.**

The Ninth Circuit Court of Appeals has held that inmates have "no legitimate claim[s] of entitlement to a grievance procedure." Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1989). No due

process rights exist as to the handling of an inmate's administrative grievance in a particular manner. Gonzalez v. Mullen, 446 Fed.Appx. 17, 18 (9th Cir. 2011). Thus, the Court may properly dismiss a complaint where the complaint is based on the defendant's particular handling of an administrative grievance procedure. *See* Gonzalez, 446 Fed.Appx. at 18.

Here, it appears that the five defendants named in Claim 18 failed to provide Plaintiff with access to the Courts by reason of their failure to provide an appropriate administrative remedy. (Doc. 1 at 46-47). For example, Plaintiff avers that Defendant Gardea failed to make "door to door" rounds to resolve inmates' issues. Id. at 46. As noted above, Plaintiff does not have a constitutional right to have his administrative grievances handled in a particular way. Therefore, the Court **DISMISSES** Claim 18 with leave to amend.

### F. Plaintiff's "supplemental" complaints should be dismissed for failure to state a cognizable claim.

Plaintiff attaches a "supplemental civil rights complaint" ("supplement") to his original complaint. (Doc. 1 at 65-72).[7] Plaintiff avers that these facts arose after he filed his original claim with the Federal Bureau of Prisons – Western Region. Id. Plaintiff again provides the Court with a laundry list of complaints concerning his medical care, condition of his food of food, and access to stamps. Id. The Court construes this "supplement" as a single generalized complaint, as it contains elements of the First and Eighth Amendment claims previously addressed by the Court. Therefore, the Court **DISMISSES** Plaintiff's "supplemental" complaint with **leave to amend.**

## IV. LEAVE TO AMEND

The Court will grant Plaintiff **<u>one final opportunity</u>** to amend the complaint to address the above deficiencies. If Plaintiff chooses to amend his complaint, in compliance with Fed. R. Civ. P. 8(a), it must be brief, but must describe the particular actions of each defendant that he claims deprive him of his constitutional or federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff is advised that he may not change the nature of this suit by adding

---

[7] The "supplemental civil rights complaint" was filed with the Court at the time the complaint was initially filed and is contained in a single document. (Doc. 1). Therefore, the Court considers the "supplemental civil rights complaint" as an additional claim to the original complaint.

new, unrelated claims to his amended complaint.  See George, 507 F.3d at 607 (no "buckshot" complaints).  Factual allegations will be accepted as true, but "must be [sufficient] to raise a right to relief above the speculative level" and establish plausibility.  Twombly, 550 U.S. at 555-56 (2007) (citations omitted).  Plaintiff is also advised that mere conclusions that are unsupported by factual allegations are insufficient to state a claim.

Plaintiff is reminded that an amended complaint supersedes any prior complaints.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Pursuant to Local Rule 220, an amended complaint must be "complete in itself without reference to the prior pleading."  Plaintiff is advised that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

## ORDER

For the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The Court **DISMISSES without prejudice** Claims 1 through 10 and Claim 17 for improper venue.  Plaintiff may re-file these claims in the proper federal judicial districts. **He may not re-file them in the Eastern District of California**;

2. The Court **DISMISSES** Claims 11, 12, 13, 14, 15, 16, 18, 19 and Plaintiff's Supplemental Civil Rights Complaint. Plaintiff is **GRANTED** 30 days from the date of service of this order to file an amended complaint as to these Claims and the Supplemental Civil Rights Complaint **ONLY**. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

3. Should Plaintiff decide to amend his complaint Plaintiff **must comply with the requirements of Fed.R.Civ. P. 8(a)**. Plaintiff must provide the Court with a concise statement of his claim and his First Amended Complaint **SHALL BE NO LONGER** than **20 pages**;

4. The Clerk of the Court is directed to send Plaintiff the form complaint for use in a civil rights action; and

///

///

13

5. **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated:   **April 17, 2013**                              **/s/ Jennifer L. Thurston**
                                                                            UNITED STATES MAGISTRATE JUDGE