UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KIDERLEN,<br><br>        Plaintiff,<br><br>    v.<br><br>WARDEN AND HOUSING SUPERVISOR,<br><br>        Defendants. | Case No.: 1:11-cv-01951 - JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR AN ORDER REQUIRING THE BOP TO RETURN TO HIM DOCUMENTS; ORDER DIRECTING THE CLERK OF THE COURT TO PROVIDE A COPY OF THE ORIGINAL COMPLAINT; ORDER GRANTING 30 DAYS TO FILE THE AMENDED COMPLAINT<br><br>(Doc. 30) |

Plaintiff Steven Kinderlen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971)("Bivens action"). (Doc. 1). On April 17, 2013, the Court dismissed the complaint (Doc. 1) and granted Plaintiff 30 days from the date of service of the order to file a first amended complaint. (Doc. 29). Presently, Plaintiff has filed a motion entitled "Plaintiff's Petition to the Court" (Doc. 30) In the motion, the Plaintiff again seeks an order of the Court requiring prison officials to return to Plaintiff "twelve inches of legal documents" that was "confiscated" from him while housed at USP-Atwater and that Court grant Plaintiff an additional 30 days to file an amended complaint. (Doc. 30 at 1-3).

1

First, Plaintiff was previously advised that the Court <u>does not have</u> jurisdiction over any individual who has not been served in the present matter and has no authority over the Bureau of Prisons merely because Plaintiff wishes to sue employees of that agency.[1] (Doc. 25 at 2). Nevertheless, Plaintiff <u>again</u> requests that the Court order the Bureau of Prisons Regional Counsel or the Litigation Coordinator of USP – Atwater to return the twelve inches of legal materials that were impounded at USP – Atwater. (Doc. 30 at 1). Given that Plaintiff's complaint was dismissed and no Defendants have been served, the Court <u>still does not have</u> the authority over any person who has not been properly served as a defendant. *See*, <u>S.E.C. v. Ross</u>, 504 F.3d 1130, 1139 (9th Cir. 2007). Moreover, the Court is not positioned adequately to know the circumstances of the removal of Plaintiff's documents, why prison officials determined they were subject to confiscation or to second-guess the security determinations of prison officials. Thus, Plaintiff's request for an order requiring prison officials to restore his documents to him is **DENIED**.

Unlike Plaintiff's prior requests for the return of his legal documents, Plaintiff now avers that his notes and pleadings pertaining to the present case were contained in the twelve inches of legal documents confiscated at USP-Atwater. *See* (Doc. 30). He concludes that he will be unable to comply with the deadline for filing an amended complaint because he does not have these documents. <u>Id</u>. at 3. Why this is the case is not clear or explained by Plaintiff. Clearly, the events at issue are within his personal knowledge. However, the Court will provide Plaintiff a copy of his original complain <u>this one and only time</u>. In future, it is his responsibility to purchase from a copy service, copies of filings if he is unable to maintain a copy of his original.

In addition, the Court will grant Plaintiff an additional 30 days to file his amended complaint In filing his amended complaint, Plaintiff is **again advised** that he SHALL comply with Fed. R. Civ. P. 8(a). Plaintiff must provide the Court with a concise statement of his claim and his amended complaint, including attached exhibits **SHALL NOT EXCEED 20 pages**. **Failure to follow this directive will result in a dismissal of the action.**

---

[1] Plaintiff claims that prison officials have been receiving service of documents filed in this litigation as evidence the Court has jurisdiction over unserved, possible defendants. However, jurisdiction is not established merely because a third party receives documents filed in a litigation.

**ORDER**

For the above stated reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's request that the Court order the Bureau of Prisons Regional Counsel or the Litigation Coordinator of USP – Atwater to return his legal documents is **DENIED**;

2. The Court order the Clerk is DIRECTED to provide Plaintiff a copy of his original complaint (Doc. 1) filed on November 23, 2011;

3. Plaintiff is granted 30 days from the date of service of this Order to file his amended complaint that **SHALL NOT EXCEED 20 pages**.

IT IS SO ORDERED.

Dated:   **May 3, 2013**              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE