IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KIDERLEN,<br><br>    Plaintiff,<br><br>vs.<br><br>KANE, et al,<br><br>    Defendants. | Case No. 1:11-cv-01951 JLT  (PC)<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>(Doc. 32). |

On May 13, 2012, Plaintiff filed a motion for appointment of counsel. (Doc. 32). Plaintiff reports that he is "unschooled in the law," "confused by the [Court's] order of April 17, 2013," and that he cannot access a paralegal or jailhouse lawyer. Id. at 1 ¶¶ 2-3; 2 ¶ 4. For the reasons set forth below, Plaintiff's motion for appointment counsel is DENIED.

Plaintiff is advised that he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits. Also, based on a review of the record in this case, especially the documents Plaintiff filed in support of this motion, the Court finds that Plaintiff has been able to adequately articulate his claims.

Finally, Plaintiff previously indicated that he could not comply with the Court's Order, dated April 17, 2013, on the grounds that he was not in possession of his original complaint and other legal documents. (Doc. 30 at 2). The Court granted him 30 days to file an amended complaint and the Clerk of the Court provided Plaintiff with a copy of his original complaint. (Doc. 31 at 2). Plaintiff now asserts that he gets "confused when reading and trying to understand" the April 13, 2013, order. (Doc. 32 at 1). Plaintiff is advised that **no further extensions of time will be authorized absent a showing of exceptional good cause which WILL NOT include failure to obtain legal documents or counsel. Therefore, Plaintiff must file his first amended complaint on or before June 3, 2013.**[1]

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **May 13, 2013**          /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] In the alternative, Plaintiff may voluntarily dismiss this matter without prejudice and re-file the complaint within the statute of limitations to provide him time to obtain counsel or amend his complaint.

2