UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KIDERLEN,<br><br>             Plaintiff,<br><br>     v.<br><br>WARDEN AND HOUSING SUPERVISOR,<br><br>             Defendants. | Case No.: 1:12-cv-01158 – JLT (PC)<br><br>ORDER DISMISSING THE CASE FOR FAILURE TO PROSECUTE<br><br>(Doc. 34) |

Plaintiff Steven Kinderlen ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens action"). (Doc. 1).  Plaintiff consented to the jurisdiction of the Magistrate Judge on January 3, 2012. (Doc. 7).  The Court dismissed Plaintiff's complaint on April 17, 2013, and granted Plaintiff leave to amend his complaint within 30 days. (Doc. 29). On June 10, 2013, the Court ordered Plaintiff to show caused why the matter should not be dismissed and required Plaintiff to respond on or before June 27, 2013. (Doc. 34).  Plaintiff has failed to amend the complaint or otherwise respond to the Court's order.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition

of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).  The public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal, as this case has been pending since November 23, 2011. (Doc. 1).  This case cannot be held abeyance indefinitely based on Plaintiff's failure to notify the Court of his address.

The risk of prejudice to Defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the factors in favor of dismissal discussed above greatly outweigh the public policy favoring disposition of cases on their merits.  Finally, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff based on Plaintiff's failure to keep the Court apprised of his current address.  On three separate occasions, the Court warned Plaintiff that his matter would be dismissed for failure to comply with the Court's order. (Docs. 29, 31, 34).  Therefore, the matter is **DISMISSED without prejudice** for failure to prosecute.

**ORDER**

For the foregoing reasons, it is hereby **ORDERED** that:

1. This matter is **DISMISSED without prejudice** for failure to prosecute; and
2. The Clerk of the Court is **DIRECTED** to close this matter.

IT IS SO ORDERED.

Dated:   **July 3, 2013**                    /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE